UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Maria L. Mendoza,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Costco Wholesale Corporation,<br><br>　　　　　Defendant | Case No. 2:25-cv-01081-CDS-NJK<br><br>Order Granting Motion for Remand, Granting Motion to Strike, Declining to Approve Stipulation,<br>and Closing Case<br><br><br>[ECF Nos. 8, 14, 16] |

　　　This negligence action arises out of an incident which occurred at the Costco located at 6555 N. Decatur Blvd., Las Vegas, Nevada 89131; the action was removed from the Eighth Judicial District Court of Clark County, Nevada, by defendant Costco Wholesale Corporation. Compl., ECF No. 1-1 at ¶ 8; Pet. for removal, ECF No. 1. Plaintiff Maria L. Mendoza filed her complaint on April 24, 2025. *See* ECF No. 1-1. Costco removed this matter to federal court on June 18, 2025, on the basis of diversity jurisdiction. ECF No. 1. Mendoza thereafter filed a motion for remand arguing that Costco fails to demonstrate the $75,000 amount in controversy (AIC) requirement is met in this action. Remand mot., ECF No. 8.[1] Also pending is Costco's motion to strike Mendoza's reply, arguing that it is a rogue filing because it was filed late. Mot., ECF No. 14. In opposition, Mendoza argues that the court should resolve the matter on the merits, rather than on "technicalities." Opp'n to mot. to strike, ECF No. 15. Because the reply was in fact untimely, Costco's motion to strike is granted. However, because I find that Costco fails to meet its burden demonstrating the requisite amount in controversy has been met here, this matter must be remanded to state court.

I. 　Background

　　　This action arises from the injuries Mendoza sustained when she was allegedly sprayed in the face by an unknown cleaning supply while shopping at Costco. *See* Compl., ECF No. 1-1.

---

[1] This motion is now fully briefed. *See* Opp'n, ECF No. 10; Reply, ECF No. 13.

As relevant here, the complaint's prayer for relief seeks: (1) general damages in excess of $15,000; (2) special damages in excess of $15,000; (3) compensatory damages in excess of $15,000; (4) costs of suit incurred including reasonable attorneys' fees; and (5) other relief deemed just and proper. *Id.* at 8.

On June 18, 2025, Costco removed this action to this court, asserting that the AIC "exceeds the sum or value of $75,000." ECF No. 1 at 2. In her motion for remand, Mendoza disputes that the requisite AIC is met here, arguing that Mendoza's medical damages "are approximately $17,710.33, with $223.77 of additional out-of-pocket expenses" and "there are no future medical cost recommendations" for Mendoza, so there is simply no way to find the AIC meets the jurisdictional requirement. ECF No. 8 at 3. In opposition, Costco argues that although the complaint only alleges an amount in excess of $15,000, the prayer for relief seeks an amount in excess of $45,000, that Mendoza is still seeking care so that amount is likely to increase, and further that it attempted to have Mendoza stipulate that the AIC is less than $75,000 but she refused because it was unclear what sort of future treatment would be needed. *See* ECF No. 10.

## II.     Legal standard

In determining the AIC,[2] courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). Thus, the $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, when removal jurisdiction is challenged by a plaintiff, evidence establishing the AIC is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). The Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well

---

[2] There is no dispute that the parties are diverse, so this order only addresses the AIC requirement.

as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal'" when resolving remand motions. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* at 1090 (citation omitted). Ultimately, when the plaintiff does not plead a specific AIC, the burden to prove that the AIC exceeds $75,000 rests with the defendant. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III.     Discussion

As a threshold matter, Costco's motion to strike is granted because the reply was untimely. Local Rule 7-2(b) provides that "[t]he deadline to file and serve any reply in support of [a] motion is seven days after service of the response." LR 7-2(b). Costco's response was filed on July 25, 2025, making the reply deadline August 1, 2025. *Id.; see also* ECF No. 10 (indicting reply deadline was 8/1/2025). Costco correctly notes that the reply was filed six days late, on August 7, 2025. ECF No. 14 at 2. Mendoza acknowledges the filing's untimeliness and provides no good cause for her delay. Resp., ECF No. 15. Accordingly, the reply is stricken as untimely. *See Madrid v. Lazer Spot, Inc.*, 2020 U.S. Dist. LEXIS 131619, at *10 (E.D. Cal. July 24, 2020) (striking untimely reply) (citing *Warkentin v. Federated Life Ins. Co.*, 2012 WL 2116389 at *1, n.1 (E.D. Cal. June 11, 2012) (disregarding an untimely reply brief for failure to comply with the deadline set forth in the court's local rules)).

The ultimate issue—whether Costco fails to meet its burden demonstrating the AIC is met—is not impacted by the striking of the reply. Whether based on (1) a review of the complaint's prayer for relief where Mendoza seeks general damages, special damages, and compensatory damages all in excess of $15,000 plus the costs of suit including reasonable attorney's fees, or (2) the arguments raised in opposition to the remand motion, the $75,000 jurisdictional threshold is not met. Costco essentially asks this court to speculate that the amount would exceed $75,000 based on the type of injury Mendoza alleges. The court

acknowledges the defendant's frustration in that it attempted to have Mendoza stipulate that the AIC was not greater than $75,000, but that offer was denied. While this may be gamesmanship on Mendoza's part,[3] this does not change Costco's burden to demonstrate the AIC is met here. Costco's speculation that the AIC is greater than $ 75,000 is far too vague for this court to find diversity jurisdiction exists. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is . . . not a prospective assessment of defendant's liability."). Without citation to or argument about similar cases exceeding the jurisdictional threshold, this court cannot and will not speculate that the AIC would be met here. *See Nolan v. Kaya Oil Co.*, 2011 WL 2650973, at *4 (N.D. Cal. July 6, 2011) (granting plaintiff's motion to remand after defendant failed to proffer estimates satisfying amount in controversy when assuming number of penalties and damages without evidence in a Class Action Fairness Act (CAFA)). Accordingly, Mendoza's motion to remand is granted.[4]

## IV. Conclusion

IT IS THEREFORE ORDERED that Mendoza's motion for remand **[ECF No. 8] is GRANTED.**

IT IS FURTHER ORDERED that Costco's motion to strike **[ECF No. 14] is GRANTED.**

Because this court lacks subject matter jurisdiction, the court declines to address the stipulation docketed at ECF No. 16. The parties can address this agreement upon remand.

The Clerk of Court is kindly instructed to remand this matter to the Eighth Judicial District Court, Department 13, Case No. A-25-917668-C, and to close this case.

Dated: August 19, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] Perhaps a state court evaluating this claim will judicially estop Mendoza from arguing that her claims exceed $75,000.

[4] Because the court must dismiss this action once it has determined that it lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), the court declines to sign the stipulation filed at ECF No. 16.